# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| DEPOSITORS INSURANCE COMPANY<br>505 5th Avenue, Suite 729<br>Des Moines, IA 50309<br><br>and<br><br>AMCO Insurance Company<br>505 5th Avenue, Suite 729<br>Des Moines, IA 50309<br><br>    *Plaintiffs*,<br><br>v.<br><br>ALI INDUSTRIES, LLC<br>747 E. Xenia Drive<br>Fairborn, OH 45324<br><br>    *Defendant.* | CASE NO.:<br><br>JUDGE:<br><br><br>**COMPLAINT**<br><br>For Declaratory Judgment<br><br>Trial by Jury Demanded |

Plaintiffs Depositors Insurance Company ("Depositors") and AMCO Insurance Company ("AMCO"), collectively "Nationwide," state for their complaint for declaratory judgment against Defendant Ali Industries, LLC ("Ali") as follows:

### Nature of the Action

1. Nationwide brings this complaint for declaratory judgment pursuant to Fed.R.Civ.P. 52, and 28 U.S.C. Section 2201(a), on the parties' respective rights and obligations under a series of commercial general liability ("CGL") and umbrella liability ("Umbrella") policies issued to Ali between 2014 and 2019 (the "Policies").

2. True and accurate copies of the Policies have been marked as Exhibits and attached to this complaint for declaratory judgment as follows:

| Exhibit | Policy No. | Issuing Co. | Policy Term | Policy |
|---|---|---|---|---|
| A | ACP GLDO 3006859741 | Depositors | Oct. 1, 2014 - 2015 | CGL |
| B | ACP GLDO 3016859741 | Depositors | Oct. 1, 2015 - 2016 | CGL |
| C | ACP GLDO 3026859741 | Depositors | Oct. 1, 2016 - 2017 | CGL |
| D | ACP GLDO 3036859741 | Depositors | Oct. 1, 2017 - 2018 | CGL |
| E | ACP GLDO 3046859741 | Depositors | Oct. 1, 2018 - 2019 | CGL |
| F | ACP CAA 3006859741 | AMCO | Oct. 1, 2014 - 2015 | Umbrella |
| G | ACP CAA 3016859741 | AMCO | Oct. 1, 2015 - 2016 | Umbrella |
| H | ACP CAA 3026859741 | AMCO | Oct. 1, 2016 - 2017 | Umbrella |
| I | ACP CAA 3036859741 | AMCO | Oct. 1, 2017 - 2018 | Umbrella |
| J | ACP CAA 3046859741 | AMCO | Oct. 1, 2018 - 2019 | Umbrella |

**Parties, Jurisdiction, and Venue**

3. Depositors is a for-profit corporation organized under the laws of the State of Iowa with its principal place of business in Des Moines, Iowa.

4. Depositors is authorized to offer a variety of insurance products to the public in the State of Ohio, including Greene County, Ohio.

5. AMCO is a for-profit corporation organized under the laws of the State of Iowa with its principal place of business in Des Moines, Iowa.

6. AMCO is authorized to offer a variety of insurance products to the public in the State of Ohio, including Greene County, Ohio.

7. Ali is an Ohio limited liability company organized under the laws of the State of Ohio with its principal place of business in Fairborn, Greene County, Ohio.

8. The identity of Ali's member(s) is unknown to Nationwide but on information and belief, at least one is a resident of Ohio, and none are residents of Iowa.

9. Nationwide brings this complaint for declaratory judgment under Fed.R.Civ.P.52, and 28 U.S.C. Section 2201(a) on the parties' respective rights and obligations under the Policies.

10. Jurisdiction is proper under 28 U.S.C. Section 1332 because there is complete diversity among the parties and because the amount in controversy in the underlying suit for

unlawful, unfair and/or fraudulent business practices in violation of the Missouri Merchandising Practices Act, Mo. Ann. Stat. §§ 407.010 et seq., which is the subject of the insurance claim at issue here, exceeds $75,000.

11. Venue is proper in the Southern District of Ohio under 28 U.S.C. Section 1391 because the Defendant resides in the district and because the Policies were issued there.

### The Underlying Suit - Parties

12. On August 3, 2022, Joshua Holman filed Case No. 22BA-CV02851 in the Circuit Court of Boone County, Missouri. (the Underlying Suit).

13. Ali is the sole Defendant named in the Underlying Suit.

14. A copy of the complaint filed in the Underlying Suit is attached as Exhibit K.

15. Nationwide references and incorporates the allegations of the complaint filed in the Underlying Suit only as a factual predicate for this complaint for declaratory relief, not because it concedes the allegations to be true.

### The Underlying Suit - Allegations

16. Holman asserts claims sounding in: (1) Violation of the Missouri Merchandising Practices Act; (2) Unjust Enrichment; (3) Strict Liability in Tort-Design Defect; (4) Strict Liability in Tort-Failure to Warn; (5) Negligence; and, (6) Breach of Implied Warranty.

17. Holman purports to the bring the Underlying Suit on behalf of all individuals who purchased a "Gator-brand bonded abrasive wheel" manufactured or sold by Ali.

18. Holman alleges that Ali's abrasive wheels are used to cut metal and concrete while spinning at high speed.

19. Holman alleges that Ali's abrasive wheels have a finite shelf life, after which they are subject to give way, crack, split, explode, and fail.

20. Holman alleges that, contrary to industry standards, Ali fails to provide consumers with reasonable notice of the date upon which the shelf life of any particular abrasive wheel will expire.

21. Holman alleges that Ali's failure to provide notice of the date upon which its abrasive wheels' useful life will expire, resulted in purported class members:

    a. purchasing expired or nearly expired products;

    b. being deprived of the benefit of their bargain; and,

    c. being exposed to an unreasonable risk that their abrasive wheels would give way, crack, split, explode, or fail.

22. Holman does not allege that his, or any purported class member's, abrasive wheel has actually given way, cracked, split, exploded, or failed.

23. Holman seeks on behalf of the class a refund of the money paid to purchase the allegedly defective products and an order enjoining Ali from continuing to sell its abrasive wheels without a label clearly warning consumers of each product's expiration date.

24. Holman specifically excludes from the Underlying Suit any claim for damages or other relief arising from personal injuries suffered by any class member as a result of using Ali's allegedly defective products.

25. The class that Holman seeks to certify in the Underlying Suit seeks only "economic and injunctive relief."

**The Underlying Suit – Removal to Federal Court**

26. On September 12, 2022, Ali removed the Underlying Suit to the United States District Court for the Western District of Missouri as Case No. 2:22-cv-04133-NKL.

27. On February 1, 2023 the District Court granted in part and denied in part Ali's Fed.R.Civ.P. 12(b)(6) motion to dismiss the complaint, dismissing Count 2 (with prejudice) and Counts 3 through 6 (without prejudice).

### The Claim and ROR

28. Ali did not report the Underlying Suit to Nationwide until October 19, 2022.

29. Nationwide investigated the Suit and has kept Ali apprised of the status of its investigation by letters to its counsel dated November 16, December 2, and December 29, 2022, as well as January 30, 2023.

30. Nationwide denied coverage for the Underlying Suit on February 24, 2023.

31. A copy of the Denial Letter is attached as Exhibit L.

### The CGL Policies

32. Depositors annually issued CGL Policies to Ali between October 1, 2014 and October 1, 2019.

33. The CGL Policies provided commercial general liability coverage to Ali on the following terms:

> SECTION I – COVERAGES
> COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. Insuring Agreement
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. …
>    
>    …
>    
>    b. This insurance applies to "bodily injury" and "property damage" only if:
>    
>    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)    The "bodily injury" or "property damage" occurs during the policy period;

…

34.    The above coverage is subject to enumerated exclusions, including the following:

    2.    Exclusions

        This insurance does not apply to:

        a.    Expected Or Intended Injury
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. …

        b.    Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

            (1)    That the insured would have in the absence of the contract or agreement;

…

        k.    Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

…

        m.    Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

            (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

            (2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms. This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

        n.    Recall Of Products, Work or Impaired Property

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "Your product";

(2) "Your work"; or

(3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

…

35. The CGL Policies incorporate the following definitions:

SECTION V – DEFINITIONS

…

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

   …

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

   …

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

   …

7

21. "Your product":

    a. Means:

        (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            (a) You;

…

    b. Includes:

        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        (2) The providing of or failure to provide warnings or instructions.

…

### The Umbrella Policies

36. The Umbrella Policies provided follow form excess liability (Coverage A) and commercial umbrella liability coverage (Coverage B).

37. That coverage provided was on the following terms:

INSURING AGREEMENTS

    A. Coverage A – Excess Follow Form Liability Insurance

        1. Under Coverage A, we will pay on behalf of the "insured" that part of "loss" covered by this insurance in excess of the total applicable limits of "underlying insurance", provided the injury or offense takes place during the Policy Period of this policy. The terms and conditions of "underlying insurance" are, with respect to Coverage A, made a part of this policy except with respect to:

            a. any contrary provision contained in this policy; or

            b. any provision in this policy for which a similar provision is not contained in "underlying insurance".

        2. With respect to the exceptions stated above, the provisions of this policy will apply.

…

B. Coverage B – Umbrella Liability Insurance

1. Under Coverage B, we will pay on behalf of the "insured" damages the "insured" becomes legally obligated to pay by reason of liability imposed by law because of "bodily injury", "property damage", or "personal and advertising injury" covered by this insurance which takes place during the Policy Period and is caused by an "occurrence". …

…

5. Coverage B will not apply to any loss, claim or "suit" for which insurance is afforded under "underlying insurance" or would have been afforded except for the exhaustion of the limits of insurance of "underlying insurance".

…

8. This insurance applies to "bodily injury" and "property damage" only if:

   a. The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   b. The "bodily injury" or "property damage" occurs during the "policy period";

11. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the "policy period".

38. The Umbrella Policies exclude certain claims and damages from coverage, including the following:

EXCLUSIONS

A. Applicable to Coverage A and Coverage B

Under Coverage A and Coverage B, this insurance does not apply to:

…

6. Damage To "Your Product"

9

        "Injury or damage" or "property damage" to "your product" arising out of it or any part of it.

…

10.    Punitive Damages

        Any punitive or exemplary damages, fines or penalties.

…

C    Applicable to Coverage B Only

Under Coverage B, this insurance does not apply to:

1.    Expected Or Intended Injury

        "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. …

…

10.    Damage To Impaired Property Or Property Not Physically Injured

        "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

        a.    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

        b.    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

        This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

11.    Recall Of Products, Work or Impaired Property

        Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

        a.    "Your product";

        b.    "Your work"; or

        c.    "Impaired property";

if such product, work, or property is withdrawn from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

…

39. The Umbrella Policies likewise incorporate the following definitions:

DEFINITIONS

    A.    Applicable to Coverage A and Coverage B

        As used in Coverage A and Coverage B:

…

        4.    "Loss" means those sums actually paid in settlement of satisfaction of a claim which the "insured" is legally obligated to pay as damages because of injury or offense, after making proper deductions for all recoveries and salvage.

…

        6.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

        13.    "Underlying insurance" means the policy or policies of insurance listed in the Schedule of Underlying Insurance forming a part of this policy ….

…

        15.    "Your product" means:

            a.    any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

                1)    you;

…

        "Your product" includes:

            a.    warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

            b.    the providing of or failure to provide warnings or instructions.

…

B.    Applicable to Coverage A Only

As used in Coverage A:

1. "Injury or damage" means any injury or damage covered in the applicable "underlying insurance" arising from an "occurrence".

…

C.    Applicable to Coverage B Only

As used in Coverage B:

…

6. "Impaired property" means tangible property other than "your product" or "your work", that cannot be used or is less useful because:

    a. it incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous, or

    b. you have failed to fulfill the terms of a contract or agreement;

    if such property can be restored to use by:

    a. the repair, replacement, adjustment or removal of "your product" or "your work";

    b. your fulfilling the terms of the contract or agreement.

    …

10. "Property damage" means:

    a. physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

\*\*\*

**Grounds for Declaratory Judgment**

40. An actual case or controversy exists between Nationwide and Ali with respect to the availability of CGL and/or Umbrella coverage under the Policies for the claims asserted by Holman in the Underlying Suit.

41. Speedy and effective relief is necessary to preserve Nationwide's rights.

42. A declaratory judgment establishing the rights, status, and other legal relations of the parties under the Policy would terminate the controversy.

43. All persons who have any claims or interests in the subject matter of this action and who would be affected by the requested declaratory relief have been joined as parties.

44. Nationwide is entitled to declaratory relief under Ohio law.

**Count 1: Declaratory Judgment**
**No Property Damage**

45. The Policies provide coverage for sums that Ali becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

46. The Policies define "property damage" as "physical injury to tangible property, including all resulting loss of use," and/or "loss of use of tangible property that is not physically injured."

47. The Underlying Suit seeks only a refund of money paid for allegedly defective products, economic losses, and injunctive relief.

48. They Underlying Suit expressly disclaims damages for "personal injuries."

49. The Underlying Suit does not seek the recovery of "property damages" as that term is defined in the Policies.

50. Nationwide asks the Court to find and declare that, because the Underlying Suit does not seek the recovery of "property damages," the claims against Ali are not covered by the Policies.

### Count 2 – Declaratory Judgment
### No Occurrence

51. The insurance provided by the Policies applies to "bodily injury" and "property damage" only if it is caused by an "occurrence."

52. The Policies define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

53. The Underlying Suit does not allege an unexpected or unintended event that resulted in the abrasive wheels manufactured by Ali becoming physically damaged or useless.

54. The Underlying Suit alleges that the abrasive wheels were always defective, deficient or useless.

55. Nationwide asks the Court to find and declare that, because the Underlying Suit does not allege an "occurrence," the claims against Ali are not covered by the Policies.

### Count 3: Declaratory Judgment
### Policy Exclusions

56. The Policies exclude from coverage otherwise covered claims subject to the exclusions for, among others, "Expected or Intended Injury," "Contractual Liability," "Damage To Your Product," "Damage To Impaired Property Or Property Not Physically Injured," and "Recall Of Products, Work Or Impaired Property."

57. Even if the claims asserted in the Underlying Suit sought "property damage" due to an "occurrence," they would be excluded by one or more of the above exclusions.

14

58.     Nationwide asks the Court to find and declare that, even if the claims asserted against Ali in the Underlying Suit sought "property damage" due to an "occurrence," they would be excluded by one or more of the above exclusions.

**Prayer for Declaratory Judgment**

WHEREFORE, Nationwide requests the Court to declare the rights and duties of the parties under the Policies and to specifically declare that:

1.  Depositors has no duty to defend or to indemnify Ali in the Underlying Suit because it does not seek "property damage."

2.  Depositors has no duty to defend or to indemnify Ali in the Underlying Suit because it does not assert an "occurrence."

3.  Depositors has no duty to defend or to indemnify Ali in the Underlying Suit because any claim otherwise covered is subject to the Policies' exclusions for "Expected or Intended Injury," "Contractual Liability," "Damage To Your Product," "Damage to Impaired Property or Property not Physically Injured," and "Recall of Products, Work or Impaired Property."

4.  AMCO has no duty to provide follow form excess liability or commercial umbrella coverage to Ali for any claim made in the Underlying Suit because it does not seek "property damage."

5.  AMCO has no duty to provide follow form excess liability or commercial umbrella coverage to Ali for any claim made in the Underlying Suit because it does not assert an "occurrence."

6.  AMCO has no duty to provide follow form excess liability or commercial umbrella coverage to Ali for any claim made in the Underlying Suit because any claim otherwise covered is subject to the Policies' exclusions for "Expected or Intended Injury," "Contractual Liability," "Damage To Your Product," "Damage to Impaired Property or Property not Physically Injured," and "Recall of Products, Work or Impaired Property."

7. To award any other relief which the Court deems just and proper.

>Respectfully submitted,
>
>/s/ Gregory E. O'Brien
>Gregory E. O'Brien (0037073)
>CAVITCH FAMILO & DURKIN CO., L.P.A.
>1300 East Ninth Street, 20th Floor
>Cleveland, Ohio  44114
>Telephone     (216) 621-7860
>Facsimile     (216) 621-3415
>Email         gobrien@cavitch.com
>*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiff respectfully requests a Jury in the maximum number allowed by law at the time of the Trial of this matter on any disputed issue of material fact.

## PRAECIPE TO THE CLERK

To the Clerk:  Please serve the Defendant by certified mail at the captioned address pursuant to Fed.R.Civ.P. 4.1

/s/ Gregory E. O'Brien
Gregory E. O'Brien (0037073)
*Attorney for Plaintiffs*